# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

KEVIN P. MERTENS,
        Appellant,

      v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
PH-0752-21-0092-I-1

DATE:  March 6, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kevin P. Mertens</u>, Roseburg, Oregon, pro se.

<u>Colleen M. Shook</u>, Norfolk, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed without prejudice to refiling his appeal of the agency's removal action. On petition for review, the appellant challenges the administrative judge's rulings on discovery matters and his affirmative defenses, questions the accuracy of conference summary orders, accuses the administrative judge of bias, and requests that his appeal be transferred to another administrative judge.  Generally,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.

In a February 18, 2021 pleading, the appellant requested that his appeal be dismissed without prejudice, stating that he required additional time to prosecute his appeal due to delays caused by the ongoing COVID-19 pandemic. Initial Appeal File (IAF), Tab 21 at 6. After convening a recorded telephonic conference to address the appellant's motion, the administrative judge issued an initial decision dismissing the appeal without prejudice to refiling, concluding that, consistent with the appellant's request, dismissal was appropriate to "facilitate efficient litigation of the appeal, conserve resources, and to avoid a lengthy continuance." IAF, Tab 28, Initial Decision (ID) at 1-2 *see* IAF, Tabs 26-27. The administrative judge informed the appellant that he must refile the appeal "**by no later than August 30, 2021, but no sooner than May 4, 2021 – which is the date after which this decision becomes final.**" ID at 2 (emphasis in original). The appellant timely filed a petition for review on April 27, 2021, in which he challenges the administrative judge's prior rulings on discovery matters and his affirmative defenses, questions the accuracy of her conference summary orders, accuses her of bias, and requests that she be disqualified and the case be reassigned to a new administrative judge in the Western Regional Office.

Petition for Review (PFR) File, Tab 1 at 2-17. The agency has filed a response requesting that the petition for review be denied, noting that the appellant is not challenging the administrative judge's decision to dismiss without prejudice the appeal and is instead challenging her prior rulings and arguing that his dismissal request should have been granted earlier. PFR File, Tab 3 at 6-7. The agency also argues that the Board should treat the appellant's timely petition for review as a timely filed petition for appeal. *Id.* at 7-8; *see Desmond v. Department of Veterans Affairs*, 90 M.S.P.R. 301, ¶¶ 6-7 (2001).

An administrative judge has wide discretion to control the proceedings before her, and a dismissal without prejudice to refiling is a procedural option left to her sound discretion. *Desmond*, 90 M.S.P.R. 301, ¶ 4. We have reviewed the record, including the telephonic status conference recording, and have not found any evidence that the administrative judge abused her discretion in dismissing the appeal without prejudice. Instead, she exercised her sound discretion in the interest of efficiency to allow the parties to resolve their ongoing discovery issues and to afford the appellant with additional time to prepare his case in light of delays caused by the ongoing COVID-19 pandemic. ID at 1-2; *see* IAF, Tab 27 at 1-3. We find that this is a proper use of her discretion, and we will not disturb the initial decision here.

We further decline to address the appellant's remaining arguments on review. *See Lewis v. Department of the Air Force*, 69 M.S.P.R. 40, 44 (1995) (stating that if an appeal has been dismissed without prejudice in an initial decision and the appellant then files a petition for review of that decision, the Board will not consider arguments raised on review concerning discovery disputes or other matters that should be considered by the administrative judge once the appeal has been refiled). Because the Board treats an appellant's timely petition for review of an initial decision dismissing the appeal without prejudice as a timely refiled petition for appeal, *Desmond*, 90 M.S.P.R. 301, ¶ 6, the appellant may present his assertions regarding continuing discovery disputes, the

scope of his affirmative defense claims, and any other claims to the administrative judge, *id*. Accordingly, we deny the petition for review, and we forward this case to the New York Field Office for adjudication on the merits. This is the final decision of the Merit Systems Protection Board regarding the initial decision dismissing the appeal without prejudice to refiling. 5 C.F.R. § 1201.113.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board,* 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.